UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES H. SCOTT, | Civil Action No. 19-20962 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| JAMES SLAUGHTER, et al., | |
| Respondents. | |

*Pro se* Petitioner James H. Scott, a prisoner confined at East Jersey State Prison has filed a habeas petition pursuant to 28 U.S.C. § 2254. It appearing that:

In his current § 2254 Petition, Petitioner raises four grounds for relief. *See* ECF No. 1. Notably, Petitioner does not raise any federal habeas claims alleging that his consecutive sentences are illegal. Respondents filed their Answer on July 15, 2021. ECF No. 13. On September 1, 2021, Petitioner filed a letter with the Clerk of the Court, asking to stay his habeas petition in light of several decisions by the New Jersey Supreme Court in the area of consecutive sentencing. *See* ECF No. 14. Petitioner contends that these decisions entitle him to relief in state court and "may affect one or more" of the claims he has raised in his § 2254 Petition. *See id.* Petitioner does not explain how the New Jersey Supreme Court decisions regarding consecutive sentences affect his habeas claims.

It appears that Petitioner's consecutive sentencing claim(s) is unexhausted and Petitioner seeks a stay to exhaust that claim(s) in state court. Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") this Court <u>may not grant a writ of habeas corpus</u> under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the

State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition <u>to all three levels of the New Jersey courts</u>, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

  Federal district courts may not adjudicate mixed petitions, i.e. petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the

habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould v. Ricci*, No. 10–1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011); if he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008).

Here, Petitioner has not raised any claims in his § 2254 Petition asserting that his consecutive sentences are illegal. Therefore, to the extent Petitioner is seeking a stay pursuant to *Rhines* to exhaust the consecutive sentencing claim(s), that request is denied <u>without prejudice</u>.

It is possible that Petitioner could amend his § 2255 Petition to add his consecutive sentencing claim(s) and seek a stay to exhaust the same.[1] At this time, the Court will

---

[1] It is not clear whether Petitioner's consecutive sentencing claim is cognizable in a federal habeas proceeding. Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). Moreover, a motion to amend a timely filed habeas petition

administratively terminate this action and provide Petitioner with 45 days from his receipt of this Memorandum and Order to file a motion to amend his Petition to include his consecutive sentencing claim(s), along with a motion to stay his § 2254 Petition.  In his motion to stay the Petition, Petitioner 1) must provide good cause for failing to raise his consecutive sentencing claim(s), 2) explain the potential merit of his consecutive sentencing claim(s), and 3) show that he has not engaged in dilatory tactics.  If Petitioner does not file a motion to amend and a motion to stay the Petition within the timeframe provided, the Court will rule on the current Petition, and Petitioner may lose his opportunity to present the consecutive sentencing claim in federal court.

**IT IS** on this 26th day of September 2022,

**ORDERED** that Petitioner's letter request for a stay is denied **WITHOUT PREJUDICE** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that within 45 days of his receipt of this Memorandum and Order, Petitioner may file a motion to amend his § 2254 Petition to include his consecutive sentencing claim(s) <u>and</u> a motion to stay the Petition, addressing the *Rhines* factors; and it is further

**ORDERED** that if Petitioner does not file a motion to amend and stay the petition within the timeframe provided, the Court will rule on Petitioner's current § 2254 Petition, and Petitioner may lose his opportunity to present his consecutive sentencing claim in federal court; and it is further

---

"will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008).  Under Rule 15(c), however, the statute of limitations will not bar amendment if the proposed amendment and original pleading arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B).  In this situation, the amendment is said to "relate back" to the date of the original pleading. *See id.* The Court makes no determination about whether Petitioner's consecutive sentencing claim is cognizable in a federal habeas proceeding or whether he can meet the standard to amend his Petition under Fed. R. Civ. P. 15.

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending Petitioner's response to this Memorandum and Order;[2] and it is further

**ORDERED** that that the Clerk shall send a copy of this Order to Petitioner at the address on file.

_____
Hon. Madeline Cox Arleo
United States District Judge

---

[2] Petitioner is notified that the administrative termination is <u>not</u> a dismissal and that the Court retains jurisdiction over his § 2254 Petition.